UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BANDAI NAMCO MUSIC LIVE INC.,<br><br>Plaintiff,<br><br>v.<br><br>,<br><br>Defendant. | Case No. 24-mc-80058-BLF<br><br>**ORDER GRANTING EX PARTE APPLICATION TO AUTHORIZE FOREIGN DISCOVERY**<br><br>[Re: ECF No. 1] |

On March 8, 2024, Applicants Bandai Namco Music Live Inc. and Sony Music Entertainment (Japan) Inc. ("Applicants") filed an *ex parte* application pursuant to 28 U.S.C. § 1782 ("Section 1782") for an order granting leave to obtain limited discovery from Respondents Google LLC ("Google"), Microsoft Corporation ("Microsoft"), and Paypal, Inc. ("Paypal") in connection with a potential legal action in Japan. *See* ECF No. 1 ("App."). For the reasons set forth below, the Court GRANTS the application.

**I.   BACKGROUND**

The following facts are taken from Applicants' *ex parte* application. *See* App. Each of the Applicants represents various authors of copyrighted music, and both are members of the Recording Industry Association of Japan ("RIAJ"). ECF No. 1-1 ("Suenaga Decl.") ¶¶ 1, 4.

In 2023, RIAJ investigated certain "pirate" websites that – without authorization from Applicants, the copyright owner, its agent or the law – had links offering downloads of Applicants' music. Suenaga Decl. ¶¶ 5-6 and Exs. A-D thereto; ECF No. 1-2 ("Nakajima Decl.") ¶ 7. RIAJ prepared spreadsheets memorializing the title of the original work, the author of the original work, a link to the original work, a link to the infringing work, and the title of the infringing work, and provided those spreadsheets to Japanese counsel for Applicants. Suenaga

Decl. ¶¶ 6, 8.

The original works that were the subject of those spreadsheets are in the "j-pop" genre. "J-pop" is an abbreviated form of Japanese popular music. The lyrics of the works are largely in Japanese, and the works are primarily marketed to, and enjoyed by, listeners in Japan, typically in the age group from teenagers to those in their thirties. Suenaga Decl. ¶ 7.

The pirate websites used the services of Cloudflare, Inc. ("Cloudflare"), a global content delivery network. Nakajima Decl. ¶ 6. Applicants therefore obtained subpoenas, pursuant to the Digital Millennium Copyright Act, from the Clerk of the United States District Court for the Northern District of California. Cloudflare produced documents with respect to three pirate websites, among others: jpopmix.com," "jpop.xyz," and "mqs.pw." *Id.* ¶¶ 5-11.

The material produced by Cloudflare shows four email accounts that were associated with the three pirate websites: (1) "zakiat99@gmail.com"; (2) "zenberu69@gmail.com"; (3) "yakeke@gmail.com"; and (4) "lyq21cn@msn.com". The material also shows that the anonymous operators of those websites (the "Anonymous Individuals") made PayPal payments to Cloudflare, using the services of Braintree. Nakajima Decl. ¶¶ 9-12 and Exs. D, E, F thereto.

Applicants state that they intend to file civil lawsuits in Japan against the Anonymous Individuals pursuant to Article 709 (Compensation for Damage in Tort), seeking damages for copyright infringement. *Id.* ¶¶ 16-17.

Applicants state that they will be able to make out a prima facie civil case against each of the Anonymous Individuals because their respective conduct violated Article 709 of the Civil Code, and therefore, each civil lawsuit that will be filed upon discovering the true identities of the Anonymous Individuals will withstand a motion to dismiss in Japan. *Id.* ¶ 18.

Applicants seek Court authorization to conduct limited discovery by serving a subpoenas upon Google, Microsoft, and PayPal, all of which are located in this district, to discover personal identifying information ("PII") that can be used to identify the true identities of the Anonymous Individuals. *Id.* ¶ 21.

\\

\\

## II. LEGAL STANDARD

Section 1782 provides, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made ... upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.... To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). The statute's purpose is "to provide federal-court assistance in the gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Section 1782 permits district courts to authorize discovery "where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting § 1782(a)).

But "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel*, 542 U.S. at 264. Instead, a district court has discretion to authorize discovery under Section 1782. *Id.* at 260-61. In exercising this discretion, a district court should consider the following four factors identified by the Supreme Court: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264-65. In exercising its discretion, the district court should consider the twin aims of the statute: "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance

to our courts." *Id.* at 252.

Section 1782 applications are generally considered on an *ex parte* basis because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

### III. DISCUSSION

#### A. Statutory Requirements

Applicants' request satisfies the requirements of Section 1782. First, the statute requires that the respondent be found in the district. A business entity is "found" in a judicial district where it is incorporated, headquartered, or has offices. *Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-mc-80215-WHO(TSH), 2020 WL 820327, at *3 (N.D. Cal. Feb. 19, 2020) (collecting cases); *In re Super Vitaminas, S.A.*, 2017 WL 5571037, at *2 (N.D. Cal. Nov. 20, 2017) (finding that an office within the district satisfies the requirement). Google "resides or is found" in this district as its principal office is located in Mountain View, California, in this district. Nakajima Decl. ¶ 13 & Ex. G thereto. Paypal "resides or is found" in this district as its principal office is located in San Jose, California, in this district. *Id.* ¶ 15. Microsoft "resides or is found" in this district, as it has corporate offices in San Francisco, Mountain View, and Palo Alto, all of which are in this district. *Id.* ¶14. These locations are within this district, so this requirement is met.

Second, the discovery must be for use in a proceeding in a foreign tribunal. For a proceeding to meet this requirement, it need not be "pending" or "imminent"; it need only be "within reasonable contemplation." *Intel*, 542 U.S. at 259. A civil lawsuit in Japan is within

4

reasonable contemplation because Applicants intend to file the civil lawsuits once the true identities of the Anonymous Individuals are ascertained. Nakajima Decl. ¶¶ 5, 21.

Third, an application under Section 1782 must be brought by an "interested person." A litigant in a foreign proceeding is an "interested person" for purposes of Section 1782. *Intel*, 542 U.S. at 256-57. Applicants, as putative plaintiffs, are interested persons. App. at 6.

### B. Discretionary *Intel* Factors

The discretionary factors identified by the Supreme Court in *Intel* also weigh in favor of the Court granting the application.

#### i. Respondents are not participants in the foreign action.

The first factor, whether the respondent is a participant in the foreign action, supports obtaining discovery from entities who are not parties in the foreign tribunal. *Intel*, 542 U.S. at 264. "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.* Here, Google, Microsoft, and PayPal will be nonparticipants in the civil actions in Japan. Nakajima Decl. ¶ 22. This factor therefore weighs in favor of granting the application.

#### ii. Japanese courts are receptive to U.S. judicial assistance.

The Supreme Court next requires a district court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016).

The Court is not aware of any directive from Japan against the use of Section 1782 evidence. *See In re Jt. Stock Co. Raiffeinsenbank*, No. 16-mc-80203-MEJ, 2016 WL 6474224, at *5 (N.D. Cal. Nov. 2, 2016) ("Absent this type of clear directive, however, a district court's ruling should be informed by section 1782's overarching interest in 'providing equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation and international

1 aspects.'" (quoting *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995))).
2 According to Applicants' Japanese counsel, there are no known restrictions imposed by or any
3 policies under the laws of Japan limiting U.S. federal court judicial assistance, and courts of Japan
4 are receptive to assistance in discovery by U.S. federal courts, including for discovery of PII of
5 individuals acting anonymously online. Nakajima Decl. ¶¶ 1, 23-24. This factor weighs in favor
6 of granting discovery.

### iii. There is no circumvention of foreign discovery procedures.

The third factor asks a court to consider whether the applicant is aiming to circumvent the foreign jurisdiction's proof-gathering restrictions. *Intel*, 542 U.S. at 265. This factor will weigh in favor of discovery if there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014).

Here, there is no reason to believe that Applicants are seeking to circumvent Japanese evidence laws. The attorney consulted by Applicants stated as much in his declaration. Nakajima Decl. ¶ 25. Absent any evidence to the contrary, this factor weighs in favor of granting discovery.

### iv. The request is not unduly burdensome or intrusive.

The last *Intel* factor asks a court to consider whether the proposed discovery is overly burdensome or intrusive. 542 U.S. at 265. The discovery sought here is narrowly tailored to seek only sufficient information to identify the Anonymous Individuals, and is not unduly intrusive or burdensome, because Applicants seek discovery of only PII such as names, addresses, telephone numbers, and e-mail addresses, or information that will lead to the discovery of PII such as access logs for limited periods of time, which information is stored by Google, Microsoft, and PayPal in the ordinary course of their business. Nakajima Decl. ¶¶ 27-28; *see, e.g.*, *In re Frontier Co., Ltd.*, No. 19-mc-80184-LB, 2019 WL 3345348, at *5 (N.D. Cal. July 25, 2019) (granting a § 1782 request to issue a subpoena for the name, address, email address, telephone number, and name and address on credit cards); *In re Med. Corp. Seishinkai*, No. 21-mc-80160-SVK, 2021 WL 3514072, at *4-5 (N.D. Cal. Aug. 10, 2021). To the extent Google, Microsoft, or PayPal assert that any of the information sought by Applicants is burdensome or confidential or proprietary, it can bring a

motion to quash or the parties can enter a protective order.  *See, e.g.*, *In re Illumina Cambridge Ltd.*, No. 19-mc-80215- WHO (TSH), 2019 WL 5811467, at *5 (N.D. Cal. Nov. 7, 2019) (offering similar options to Respondents).

## IV.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the Court GRANTS the *ex parte* application authorizing discovery under 28 U.S.C. § 1782(a).

Dated: March 12, 2024

_____
BETH LABSON FREEMAN
United States District Judge